FILED

2009 JUL 13 PM 1:56

CLERK, US DISTRICT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIANE CHAPMAN,

    Plaintiff,

3:09-cv-637-J-25 JRK

v.

H & P CAPITAL, INC.

    Defendant.

_____/

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DIANE CHAPMAN ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against Defendant, H & P CAPITAL, INC. ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2.    Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of H& P CAPITAL, INC. (hereinafter "Defendant") with regard to attempts by Defendant, a debt

collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant maintains a business office and conducts business in the state of Florida, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in Ft. Worth, Texas and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

9. Plaintiff is informed, believes, and thereon alleges, that Defendant's principal place of business is in the City of Jacksonville, County of Duval, State of Florida.

10. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Defendant collection calls to Plaintiff seeking and demanding payment for an alleged debt, referencing case # 001112661.

12. Defendant called Plaintiff from telephone number 904-672-1026, ext. 292.

13. Defendant told Plaintiff that if she didn't pay her alleged debt by 6:30 p.m. on June 11, 2009, Defendant would file papers with the local police department in Ft.Worth, Texas.

14. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

15. Defendant failed to identify itself as a debt collector in subsequent communications.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

16. Defendant violated the FDCPA based on the following:

a. Defendant violated §1692d(2) of FDCPA by using language the natural consequence of which is to abuse Plaintiff by telling Plaintiff that if she didn't pay her alleged debt by 6:30 p.m. on June 11, 2009, Defendant would file papers with the local police department in Ft.Worth, Texas.

b. Defendant violated §1692d(6) of the FDCPA by placing collection calls to Plaintiff without providing meaningful disclosure as to the caller identity.

c. Defendant violated §1692e(4) of the FDCPA by falsely implying that Plaintiff's non-payment of her alleged debt would result in Plaintiff's arrest or imprisonment.

d. Defendant violated §1692e(5) of the FDCPA by threatening to have Plaintiff arrested even though Defendant cannot legally take such action and does not intend to take such action.

e. Defendant violated §1692e(7) of the FDCPA by falsely representing and/or implying that Plaintiff committed a crime in order to disgrace the Plaintiff.

f.  Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by falsely implying that Plaintiff's non-payment of her alleged debt would result in Plaintiff's arrest or imprisonment.

g.  Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to have Plaintiff arrested even though Defendant cannot legally take such action and does not intend to take such action.

h.  Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by falsely representing and/or implying that Plaintiff committed a crime in order to disgrace the Plaintiff.

i.  Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by placing collection calls to Plaintiff without providing meaningful disclosure as to the caller identity.

j.  Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication is from a debt collector.

k.  Defendant violated §1692e(11) of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit A).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18. Declaratory judgment that the Defendant's conduct violated the FDCPA.

19 Actual damages.

20. Statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k.

21. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

22. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

_____s/Jeffrey_Spiegel_____

Jeffrey Spiegel
Krohn & Moss, Ltd
120 W Madison St, 10th Floor
Chicago, IL 60602
Phone: (312) 578-9428 ext. 257
Fax:   (866) 431-5576
Attorney for Plaintiff
FBN: 0036589

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DIANE CHAPMAN hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS)

Plaintiff, DIANE CHAPMAN, says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DIANE CHAPMAN, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated July 6, 2009

DIANE CHAPMAN,
Plaintiff

COMPLAINT                                                                 6